UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 08 CR 276 |
| ) | Honorable Blanche Manning |
| WILLIAM COZZI ) | |

**DEFENDANT'S MOTON FOR A TAINT HEARING, MOTION FOR A VINDICTIVE PROSECUTION HEARING, MOTION FOR DISCOVERY, MOTION TO SUPPRESS AND MOTION TO DISMISS**

Defendant William Cozzi, by his attorneys, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, respectfully moves this Honorable Court to: set this case down for an evidentiary hearing on the issue of taint from evidentiary or non-evidentiary use or derivative use of his compelled statements, set this case down for an evidentiary hearing on the issue of vindictive prosecution, require the government to produce certain discovery and suppress his compelled statements and all evidence derived in any fashion therefrom and/or dismiss the indictment. In support of this motion, the following is offered:

1. Cozzi was compelled to give statements to the Chicago Police Department's Office of Professional Standards ("OPS") on September 14, 20, and 21, 2005. Cozzi's statements were used at a public haring before the Chicago Police Board on September 17, 2007. Cozzi's compelled statements relate to the subject matter of the present indictment, and are protected by the immunity enacted in *Garrity v. New Jersey*, 385 U.S. 500 (1967).

2. In support of this motion, Cozzi offers the attached memorandum of law. This case should be set down for a hearing on the issue of taint as argued in the attached memorandum of law.

3. In addition, as set forth in the attached memorandum of law, Cozzi respectfully moves this Honorable Court to require the government to produce discovery on the taint claim.

4. This federal prosecution came only after Cozzi exercised his rights under State labor law and successfully sought return to the employment of the Chicago Police Department. Indeed, the government obtained the indictment in this case the day before Cozzi was scheduled to return to duty from a two-year suspension. As argued in the attached memorandum of law, the facts of this case give rise to a vindictive prosecution claim. Discovery should be ordered, and this case should be set down for a hearing on the vindictive prosecution claim.

5. Cozzi was previously prosecuted and convicted in State court on the basis of the same underlying facts in the present Federal indictment. Full faith and credit, *res judicata*, collateral estoppel and comity principles bar the Federal indictment in this case.

Respectfully submitted,

/s/ Terence P. Gillespie

TERENCE P. GILLESPIE
WILLIAM R. SULLIVAN
GENSON & GILLESPIE
53 W. Jackson Suite 1420
Chicago, IL 60604
(312) 726-9015

2

**CERTIFICATE OF SERVICE**

      I hereby certify Defendant's foregoing Defendant's Motion for a Taint Hearing, Motion for a Vindictive Prosecution Hearing, Motion for Discovery, Motion to Suppress and Motion to Dismiss was served on June 2, 2008, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the District Court's system as to ECF Filers.

                                            /s/ Terence P. Gillespie
                                            TERENCE P. GILLESPIE
                                            Attorney for Defendant, William Cozzi

TERENCE P. GILLESPIE
WILLIAM R. SULLIVAN
GENSON & GILLESPIE
53 W. Jackson Blvd., Suite 1420
Chicago, Illinois 60604
(312) 726-9015