UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 276 |
| vs. | ) | |
| | ) | Judge Blanche M. Manning |
| WILLIAM COZZI | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S VINDICTIVE
PROSECUTION MOTION AND MOTION TO DISMISS**

Defendant has moved this Court to: (a) conduct an evidentiary hearing on the issue of vindictive prosecution; and (b) dismiss the indictment on the grounds that it is barred by the Full Faith and Credit Clause of the United States Constitution. This Court should deny the motion for an evidentiary hearing because defendant has failed to satisfy his burden of offering sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment. Rather, it is clear that the indictment resulted from the normal exercise of prosecutorial discretion.

This Court also should deny the motion to dismiss. The Full Faith and Credit Clause does not bar the federal prosecution of this matter. The federal indictment does not contravene the Full Faith and Credit Clause in any manner. Defendant's motion is really an attempt to get around the well-established dual-sovereignty doctrine. Defendant's attempt fails, and this Court should deny the motion.

## SUMMARY OF FACTS

On August 2, 2005, Victim A was brought to Norwegian American Hospital's emergency room after sustaining a stab wound.[1] Defendant, a Chicago Police Department ("CPD") officer, was dispatched to the scene to interview Victim A about the stabbing.

Shortly after defendant arrived at the hospital, he found Victim A seated in a wheelchair in a waiting area outside of the emergency room. Defendant placed handcuffs on Victim A. Defendant then left the emergency room waiting area and returned shortly thereafter. Upon returning to where Victim A was handcuffed in a wheelchair, defendant placed leg shackles around Victim A's legs. With Victim A restrained in handcuffs and leg shackles, defendant withdrew a sap – a club-like weapon made of a leather-wrapped lead weight – and struck Victim A repeatedly in the face and body. As hospital security guards attempted to wheel Victim A into the emergency room, defendant stopped them, only to strike the restrained Victim A again. Defendant's aggravated battery of Victim A was recorded by a hospital security camera.

Following the incident described above, defendant's conduct was investigated by CPD's Office of Professional Standards ("OPS") and the Cook County State's Attorney's Office. A timeline of relevant events follows:

- On October 27, 2005, following a thorough OPS investigation, OPS recommended that defendant be separated from CPD.

- On December 28, 2005, defendant was indicted by a Cook County grand jury on state charges of aggravated battery, official misconduct and misdemeanor battery.

- On May 10, 2007, defendant pled guilty to one count of misdemeanor battery and was

---

[1] A detailed version of the facts surrounding this matter is set forth in the "Government's Response to Defendant's *Garrity* Motion" (the "*Garrity* Motion Response"), which the government is filing contemporaneously with the filing of this response brief. The government incorporates by reference the "Fact" section of the *Garrity* Motion Response.

    sentenced to eighteen months' probation.

•  On October 18, 2007, the Chicago Police Board rejected OPS' recommendation to separate defendant from CPD and, instead, suspended him for two years, from April 4, 2006, to and including April 3, 2008.

As set forth in defendant's motion, news of defendant's conduct became public in or about January 2008. *See* Def. Memo. of Law at 4. In or about mid-January 2008, incoming CPD Superintendent Jody Weis inquired into whether the FBI had initiated an investigation into defendant's conduct. The FBI had not initiated an investigation at that time. On or about January 22, 2008, the FBI formally initiated an investigation into defendant's conduct. A federal grand jury returned an indictment against defendant on April 2, 2008, charging him with a federal civil rights violation, in violation of Title 18, United States Code, Section 242.

## ARGUMENT

### I. This Court Should Deny Defendant's Motion for a Vindictive Prosecution Hearing.

Defendant has requested a hearing to determine whether the pending indictment is the result of vindictive prosecution by the federal government. Def. Memo. of Law at 13. Relying solely on the timing of the indictment, defendant claims that he has "proffered sufficient evidence of vindictive prosecution so as to require an evidentiary hearing." *Id.* at 13-14. Defendant's argument fails both as a matter of law and a matter of fact. Accordingly, this Court should deny the motion.

#### A. Legal Standards

The Constitution prohibits the government from undertaking a prosecution based solely on a vindictive motive. *United States v. Jarrett*, 447 F.3d 520, 524 (7th Cir. 2006). The term "vindictive prosecution" is "ordinarily used to describe a prosecution which is vindictive in the normal sense of the word, resulting from specific animus or ill will . . . or a prosecution which charges a more serious

violation . . . in retaliation for the exercise of a legal or constitutional right in connection with the original charge." *United States v. DeMichael*, 692 F.2d 1059, 1062 (7th Cir. 1982).

A defendant is not entitled to a hearing on a claim of vindictiveness, unless the defendant "offers sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." *United States v. Heidecke*, 900 F.2d 1155, 1160 (7th Cir. 1990). "The existence of a rational reason for [a] federal indictment suggests that there is no reasonable likelihood of vindictiveness." *Id.*

Similarly, where successive prosecutions by two sovereigns take place, "it is improbable that a realistic likelihood of vindictiveness exists." *Id.* at 1159. No principle of law provides that where a person who commits more than one crime can only be prosecuted for one of them. *DeMichael*, 692 F.2d at 1062. Moreover, under the federal system, federal and state prosecutions may take place "where similar or identical offenses under the two systems of law are committed as a result of particular conduct on the part of a particular defendant." *Id.* Further, the United States Attorney may take into consideration the results of a prosecution in another jurisdiction "in determining whether to proceed with prosecution for the offenses committed within his bailiwick." *See id.*

Because a claim of vindictive prosecution seeks judicial oversight of a special province of the Executive Branch, "courts must begin from a presumption that the government has properly exercised its constitutional responsibilities to enforce the nation's laws." *Jarrett*, 447 F.3d at 524. "Ordinarily, if the prosecutor has probable cause to believe that a defendant committed an offense, the decision to prosecute and what charge to seek, generally rests entirely in his discretion." *Id.*

A defendant can only overcome the "presumption of regularity" in prosecutorial decision-making by presenting clear and objective evidence to the contrary – *i.e.*, evidence of actual

vindictiveness. *Id.* But "the presumption of regularity in favor of the government's conduct, combined with the requirement of clear evidence to the contrary and the 'rigorous standard' by which such evidence must be evaluated means that a claim of vindictive prosecution is extremely difficult to prove." *Jarrett*, 447 F.3d at 525-26. "A court must be persuaded that the defendant would not have been prosecuted but for the government's animus or desire to penalize him." *Id.* at 524. The mere timing of a federal prosecution, in and of itself, cannot change a valid exercise of prosecutorial discretion into a vindictive prosecution. *United States v. Dickerson*, 975 F.2d 1245, 1252 (7th Cir. 1992).

      **B.**    **Defendant Has Failed to Offer Sufficient Evidence to Raise a Reasonable Doubt that the Government Acted Properly in Seeking the Indictment.**

This Court should deny defendant's motion for a hearing because defendant has failed to offer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment. To the contrary, the evidence establishes that the indictment in this matter resulted from a proper exercise of prosecutorial discretion. For instance, based on the evidence, there is no question that the federal government had a rational reason for pursuing charges in this matter. Specifically, the government has a significant interest in prosecuting law enforcement officers who restrain helpless victims and then beat them with a dangerous weapon. The indictment in this matter was nothing more than the federal government pursuing that federal interest.

Similarly, based on the evidence, it is clear that probable cause exists for the charge at issue. Indeed, defendant does not challenge the existence of probable cause. Thus, there is no issue of the government pursuing charges where charges did not exist.

The existence of a rational reason for the government's pursuit of the charge in this case, along with the existence of probable cause for the charge, demonstrate that defendant has fallen far

short of raising a reasonable doubt that the government acted properly in this matter. Nothing in defendant's brief changes this conclusion.

Indeed, defendant's brief relies primarily on the rank speculation that the federal government pursued charges in this matter out of some sort of displeasure with defendant for exercising his administrative rights or with the results of the administrative proceeding. For support, defendant notes the timing of the indictment.

Defendant's speculation does not constitute "sufficient evidence" that raises a reasonable doubt as to the propriety of the government's conduct in this matter. This conclusion is buttressed by the fact that the Seventh Circuit has rejected the foundations upon which defendant's speculation rests – (a) that the government may have considered the outcome of defendant's administrative proceeding; and (b) the timing of the indictment – as valid bases for successful vindictive prosecution motions.

Defendant has failed to meet his burden of establishing the necessity of a hearing or of vindictiveness on the government's part. Accordingly, this Court should deny the motion.

**II.     This Court Should Deny Defendant's Motion to Dismiss Based on the Full Faith and Credit Clause.**

Defendant seeks dismissal of the indictment based on the Full Faith and Credit Clause of the United States Constitution. Def. Memo. of Law at 15-16. In reality, defendant's motion is nothing more than an attempted "end-around" the well-established dual-sovereignty doctrine. That is, recognizing that the dual-sovereignty doctrine precludes defendant from challenging the indictment on double jeopardy grounds (*see* Def. Memo. of Law at 15), defendant attempts to dress a double jeopardy argument in Full Faith and Credit Clause clothing. Defendant's argument is as "unpersuasive as it is novel," *Turley v. Wyrick*, 554 F.2d 840, 842 (8th Cir. 1977); *see also*, *Gillis v.*

*Maryland*, 633 A.2d 888, 891-92 (Ct. App. Md. 1993), and should be summarily rejected.

In *Turley*, two defendants were prosecuted in federal court for an alleged bank robbery, in violation of 18 U.S.C. § 2113. 554 F.2d at 840-41. A jury acquitted both defendants. *Id.*

Following the acquittal, that State of Missouri brought State charges against one of the defendants arising out of the same bank robbery. *Id.* at 841. A jury convicted the defendant of the State charges. *Id.*

On a writ of habeas corpus, the defendant challenged the State prosecution claiming, among other reasons, that it was precluded by the Full Faith and Credit Clause. *Id.* at 841-42. In rejecting the argument, the Eighth Circuit held that the federal judgment only determined that the defendant had not violated the federal statute – 18 U.S.C. § 2113. *Id.* at 842. The Eighth Circuit further held that the federal judgment did not determine whether the defendant had violated State law. *Id.* As such, the Eighth Circuit held that the State prosecution did not result in a denial of full faith and credit. *Id.*

Here, defendant was convicted of misdemeanor battery under Illinois law. The current indictment charges defendant with a federal civil rights violation, in violation of 18 U.S.C. § 242. The federal violation charged in the indictment is distinct from the Illinois statute under which defendant has already been convicted (720 ILCS 5/12-3). As such, allowing the federal government to proceed with the federal charge will not result in a denial of full faith and credit to the Illinois conviction.

Significantly, nowhere in defendant's motion does he explain how the indictment in this matter results in the denial of full faith and credit to the Illinois conviction. While defendant contends that Illinois double jeopardy law would bar the reprosecution of defendant for his conduct

in beating Victim A, in making the argument, defendant implicitly assumes that defendant would be reprosecuted under the same statute that resulted in his conviction. But that is not the case here. The federal government has charged defendant with violating a different statute, comprised of different elements, than the statute that resulted in defendant's state conviction. Illinois law does not preclude that prosecution. Further, nothing about the current prosecution requires the federal government to deny full faith and credit to the Illinois conviction.

What defendant is seemingly trying to accomplish through his Full Faith and Credit Clause argument is what he concedes he cannot do through a double jeopardy argument – put an end to the well-established dual-sovereignty doctrine. *See Bartkus v. Illinois*, 359 U.S. 121 (1959). After all, if defendant's argument were correct, then dual prosecutions by a State government and the federal government would be prohibited under the Full Faith and Credit Clause. There simply is no support for this argument in the law. *See Turley*, 633 A.2d at 891-92; *Bartkus*, 359 U.S. 121.

The Full Faith and Credit Clause does not bar the federal government from moving forward with the indictment in this matter. Accordingly, this Court should deny defendant's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, this Court should deny: (a) defendant's vindictive prosecution motion; and (b) defendant's motion to dismiss based on the Full Faith and Credit Clause of the United States Constitution.

Dated: August 22, 2008

                                            Respectfully submitted,
                                            PATRICK J. FITZGERALD
                                            United States Attorney

By:    Scott R. Drury/s
            SCOTT R. DRURY
            Assistant United States Attorney
            BETSY BIFFL
            Trial Attorney, DOJ Civil Rights Division
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-1416

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S VINDICTIVE PROSECUTION MOTION AND MOTION TO DISMISS**

was served on August 22, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    Scott R. Drury/s
SCOTT DRURY
Assistant United States Attorney
BETSY BIFFL
Trial Attorney, DOJ Civil Rights Division
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1416