UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 276 |
| | ) | Honorable Blanche Manning |
| WILLIAM COZZI | ) | |

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO *GARRITY* MOTION

The government's response makes abundantly clear that there has been

use of Defendant William Cozzi's compelled statements and testimony in this

federal prosecution.  That use dooms the indictment.  Accordingly, Cozzi's

motion to dismiss should be granted.  In the alternative, this matter should be set

down for an evidentiary hearing.

The government concedes that the immunity afforded by *Garrity v. New*

*Jersey*, 385 U.S. 493 (1967), must be co-extensive with the Fifth Amendment

privilege.  Govt's Resp., p. 24.  This means that the declarant must be in the same

position as if he had never been compelled to speak.  Thus, *no* use – none – may

be made of compelled statements or testimony.  This much is clear from *Kastigar*

*v. United States*, 406 U.S. 441 (1972), as well as *United States v. Hubbell*, 530 U.S. 27

(2000).

While acknowledging that *United States v. Bolton*, 977 F.2d 1196 (7th Cir.

1992), "extended the *North* holding beyond the realm of nonevidentiary use,"

Govt's Resp., p. 28, the government fails to acknowledge the full parameters of

non-evidentiary use.  It assumes that some subjective shielding of the instant

federal prosecutors from the defendant's immunized statements is sufficient, so

long as any exposure is only "tangential."  Govt's Resp., p. 25.  But non-

evidentiary use includes "assistance in focusing the investigation, deciding to

initiate prosecution … and otherwise planning trial strategy."  *United States v.*

*North* ("*North I*"), 910 F.2d 843, 857 (D.C. Cir. 1990), *modified on reh'g*, 920 F.2d 940

(*per curiam*) ("*North II*").  Cozzi noted this much in his motion, and further

asserted that the Supreme Court in *Hubbell* had rejected the notion that a Fifth

Amendment violation occurs only where there is "some substantial relation

between the compelled testimony … and some aspect of the information used in

the investigation or the evidence presented at trial."  530 U.S. at 45-46.  This

language eviscerates the "tangential influence" test cited by the government.

(The "tangential influence" language derives from *Bolton* – a factually-

distinguishable case that preceded *Hubbell*.)  Nowhere does the government's

response address *Hubbell*.

The government's response shows that the focus of the federal

investigation and the decision to bring federal charges was contaminated by Jody

Weis' exposure to Cozzi's compelled statements and testimony.  We explain:

Peppered with questions by reporters about Cozzi (in January 2008), Weis, an

FBI Agent then nominated to assume charge of the Chicago Police Department,

promised that he would undertake a "thorough debriefing" of the matter.  See

Cozzi Motion, p. 4.  Although Cozzi, at that point, had been prosecuted by the

Cook County State's Attorneys Office and brought up on Chicago Police Board

charges, a federal indictment was not pending against Cozzi. The government's

response concedes that the federal investigation was brought as a result of Weis'

referral. The government admits that Weis contacted FBI Special Agent in

Charge, Robert Grant, to determine whether the federal government had

initiated an investigation of Cozzi. Govt's Resp., p. 17. Maxwell Marker, the

Acting Assistant Special Agent in Charge, determined that a federal investigation

had not been opened. *Id*. Weis re-contacted Grant and provided additional

information, including an allegation that Cozzi had "falsified his statement,"

according to an affidavit signed, not by Weis, but by Grant. GX I. Marker

directed Jacob Overton, the FBI case agent in this case, to check into the

allegations. GX J. A few days later, the FBI initiated the formal investigation. *Id*.

All of this occurred after compelled statements and sworn testimony had been

extracted from Cozzi by OPS investigators and Chicago Police Board counsel.

But for Weis' referral Cozzi would not be a defendant in this case.

      Despite filing a 30-page memorandum and inches of exhibits, the

government does not answer a critical question: whether Weis -- the catalyst for

the federal prosecution -- had any direct or indirect exposure to Cozzi's

compelled statements or testimony. The heft of the paper filed by the

government is without Weis' affidavit. Nor has the government attempted to

discharge its burden by including the text of Weis' e-mails to Grant.

The government's silence is consequential. This Court may draw an adverse inference against the government. The state of the record permits the conclusion that Weis had exposure to Cozzi's compelled utterances. Indeed, Weis' referral occurred *after* Cozzi provided compelled statements to the OPS in three separate interviews, and *after* the police board hearing in which Cozzi was twice called as an adverse witness. We know through Weis' press releases that he committed himself to "thorough debriefings" regarding Cozzi. The government's response, however, is also silent about those debriefings. Clearly, as the nominated head of the police department, Weis had access to the OPS and police board files, investigators and attorneys *etc.* Furthermore, Grant's affidavit acknowledges that Weis had accused Cozzi of "falsifying his statement." The *statements* Cozzi made, whether false or not, were compelled, and made to OPS investigators and the police board.

The government resists Cozzi's request for a hearing. In the absence of the government refuting that Weis lacked exposure to Cozzi's compelled statements, perhaps a hearing is unnecessary -- the Court may conclude that that the government has not met its burden on the papers and order dismissal of the indictment. In the alternative, a hearing should be ordered because the government's filing raises a material issue of fact regarding Weis' exposure to Cozzi's immunized statements. See, *e.g.*, *United States v. Berkowitz*, 927 F.2d 1376, 1385 (7th Cir. 1991); see also *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007) (discussing general standards). We also doubt the prosecutors or the

4

agents in this case filed the government's lengthy response without consulting

Weis or his underlings.  Information so provided should be produced *instanter*

pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  And, as the government's

response certainly leaves a glaring hole with respect to Weis, Cozzi respectfully

requests permission to issue the subpoena attached as Exhibit 1.

The government states that its case is primarily based on the OPS

investigation.  Govt's Resp., p. 2.  The OPS file included Cozzi's immunized

statements in the form of the three interviews he gave to OPS investigators.  Even

the redacted materials filed by the government demonstrate that the interviews

did not consist of mere summary denials; rather, the government's files indicate

that Cozzi's compelled statements resulted in a 19-page report.  (Overton and the

prosecutor say they initially took possession of the OPS files without peeking

and sent them to another government official for *Garrity* redactions.)  Not

included in the mass of materials submitted by the government are affidavits of

the OPS investigators who took Cozzi's statements and assisted in the police

board case.  These investigators were obviously exposed to Cozzi's compelled

statements on multiple occasions.  The government has not proved that this

exposure did not ever contribute to the OPS' investigative strategy.  Given the

detailed nature of Cozzi's statements on three days, as well as two testimonial

appearances, it cannot be concluded that exposure did not occur.  Nor may it be

reasonably concluded that Cozzi's immunized statements which resulted in a 19

page report did not have any influence on the OPS investigators.  That the

instant prosecutors claim non-use of Cozzi's compelled statements does not remove the taint in this case when the body from which the government assumed the file was exposed to Cozzi's statements. As Abraham Linclon once said, "Calling a dog's tail a leg, doesn't make it a leg." *Reminiscences of Abraham Lincoln by distinguished men of his time / collected and edited by Allen Thorndike Rice* (1853-1889), p. 342 (Harper & Brothers Publishers, 1909).

The government's response further concedes that the OPS undertook investigative efforts by interviewing at least three witnesses *after* Cozzi made statements to OPS investigators. Govt's Resp., p. 2. More particularly, the OPS investigators interviewed Cozzi on September 14, 20 and 21, 2005. See Govt's Resp., p. 3. Yet, thereafter, the OPS interviewed Physician A for the first time (on September 22, 2005). *Id*. at 2 and 14. The Cook County State's Attorneys Office interviewed Individual A for the first time on December 28, 2005. *Id*. at 2 and 16. *Kastigar* and *Hubbell* forbid *all* use of immunized testimony. That only a few interviews occurred after Cozzi gave compelled statements does not excuse the Fifth Amendment violation. As stated in *North I*, "*Kastigar* does not prohibit simply 'a whole lot of use,' or 'excessive use,' or 'primary use' of compelled testimony. It prohibits '*any* use,' direct or indirect." 910 F.2d at 861 (emphasis original).

Through a subpoena, the government also secured possession of the police board hearing transcript in which the corporation counsel twice called Cozzi as an adverse witness. See Govt's Resp., p. 20. Actually, the subpoena

6

must have been a grand jury subpoena given that compliance occurred three days before Cozzi's federal indictment. *Id.* Thus, the tribunal that voted to indict Cozzi obtained materials containing Cozzi's immunized statements. See also Govt's Resp., p. 23. More use of compelled testimony is evident on this record.

With respect to the actual federal prosecutors, even they do not claim complete lack of exposure to Cozzi's immunized testimony. The government's response admits that the prosecutors "learned that defendant possibly made a false statement at some point." Govt's Resp., pp. 23-24. This conceded knowledge demonstrates that Cozzi does not stand on the same plain as if the constitutional right to remain silent had been honored. Again, "just a little use" does not immunize (pun unintended) the government from a Fifth Amendment claim.

Prosecutorial authorities got their crack at Cozzi when the State of Illinois indicted him and the police department attempted to separate him. A third bite at the apple is not permissible under the circumstances. The government has failed to discharge its admittedly heavy burden. Consequently, Cozzi's motion to dismiss should be granted. Alternatively, Cozzi's motion should be set down for an evidentiary hearing.

Respectfully submitted,

/s/ Terence P. Gillespie

TERENCE P. GILLESPIE
EARL STRAYHORN, *Of Counsel*
GENSON & GILLESPIE
53 W. Jackson Suite 1420
Chicago, IL 60604
(312) 726-9015

## CERTIFICATE OF SERVICE

I, TERENCE P. GILLESPIE, an attorney for Defendant William Cozzi, hereby

certify that on this, the 5th day of September, 2008, I filed the above-described

document on the CM/ECF system of the United States District Court for the Northern

District of Illinois, which constitutes service of the same.


/s/ Terence P. Gillespie


TERENCE P. GILLESPIE
EARL STRAYHORN, *Of Counsel*
GENSON & GILLESPIE
53 W. Jackson Suite 1420
Chicago, IL 60604
(312) 726-9015

Exhibit 1

✎AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

Northern            DISTRICT OF            Illinois

United States of America

v.

William Cozzi

**SUBPOENA IN A
CRIMINAL CASE**

Case Number: 08 CR 276

TO:

Jody P. Weis
Superintendent of Police
1718 South State Street
Chicago, IL 60616

☑ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| Dirksen Federal Building 219 South Dearborn Street Chicago, IL 60604 | Judge Manning, 2125 |
| | DATE AND TIME September 19, 2008 |

☑ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Any and all notes, memoranda, documents, correspondence, papers, files, diaries, appointment schedules, telephone messages and/or emails in whatever form regarding William J. Cozzi.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Terence P. Gillespie, Genson & Gillespie, 53 West Jackson Boulevard, Suite 1420, Chicago, IL 60604 (312) 726-9015

AO89 (Rev. 7/95) Subpoena in a Criminal Case (Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| **RECEIVED BY SERVER** | DATE | PLACE |
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES   ☐ NO   AMOUNT $ _____ |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

ADDITIONAL INFORMATION